UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 19-cr-20604-2

v.                                         Honorable Thomas L. Ludington
                                            United States District Judge

ASHLYN KAY MURPHY,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE**

This matter is before this Court upon Defendant Ashlyn Kay Murphy's Motion for Compassionate Release, ECF No. 63. As explained hereafter, her Motion will be denied.

**I.**

In March 2020, Defendant pleaded guilty to conspiracy to possess with the intent to distribute and to distribute methamphetamine, 21 U.S.C. §§ 841(a), 846. ECF No. 42; *see also* ECF No. 61 at PageID.239.

In August 2020, she was sentenced to 41 months' imprisonment and 24 months' supervised release. ECF No. 61 at PageID.239–40. After serving 21 months of her sentence, Defendant was released to a halfway house. ECF No. 63 at PageID.274. She was reincarcerated after violating the halfway house's rule against "prohibited relations" with another resident. *Id.* at PageID.275.

In May 2022, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 63. The Government opposes her Motion. ECF No. 64.

Defendant's Motion for Compassionate Release will be denied because she has (1) not exhausted her administrative remedies, and she has demonstrated neither (2) an extraordinary and compelling reason for release, nor (3) that the factors set forth in 18 U.S.C. § 3553 warrant release.

## II.

A motion for compassionate release under § 3582(c)(1)(A) requires a two-part analysis.

The first part is exhaustion. A defendant may file a motion for a reduction under § 3582(c)(1)(A) only after requesting a reduction from the Bureau of Prisons (BOP) and then either (1) "fully exhaust[ing] all administrative rights" or (2) waiting until "30 days [have elapsed] from the receipt of such a request by the warden." *See* 18 U.S.C. § 3582(c)(1)(A). This first step is a "mandatory claim-processing rule[]" that "must be enforced" if "properly invoked." *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

The second part involves the Sixth Circuit's three-step test:

> At step one, a court must find whether extraordinary and compelling reasons warrant a sentence reduction. At step two, a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. At step three, § 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (cleaned up). If any of § 3582(c)(1)(A)'s three prerequisites are missing, then this Court may deny the compassionate-release motion without addressing the other factors. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III.

#### A.

The first issue is whether, before filing her Motion, Defendant requested compassionate release from the BOP and then either (1) received a denial and fully exhausted his administrative remedies or (2) received no response but waited at least 30 days before filing his motion. *See* 18 U.S.C § 3582(c)(1)(A).

The record does not reflect that Defendant has requested compassionate release from the BOP. Instead, she bases exhaustion on her inability to reach her caseworker, Ms. Lanzano. *See* ECF No. 63 at PageID.275, 277. But Defendant's caseworker is not the BOP. Nor is there any indication that her caseworker is employed by the BOP. In this way, Defendant has not exhausted her administrative remedies with the BOP. *See* 18 U.S.C. § 3582(c)(1)(A). Consequently, Defendant's Motion will be denied for lack of exhaustion. Yet, for purposes of completing the record on appeal, the merits of her Motion will be addressed.

#### B.

The next question is whether "extraordinary and compelling reasons" justify reducing Defendant's sentence. *See Jones*, 980 F.3d at 1108. Although Congress did not define "extraordinary and compelling reasons," the United States Sentencing Commission has identified several "extraordinary and compelling" reasons. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1 (U.S. SENT'G COMM'N 2018) (identifying certain medical conditions, ages, and family circumstances, including reasons determined by the Director of the BOP).

Although § 1B1.13 is inapplicable when "an imprisoned person files a motion for compassionate release." *Jones*, 980 F.3d at 1109, the district court may "consider [§ 1B1.13] as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons

for release," *United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021). In this way, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111.

But that discretion is not unfettered. *See United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021). Recently, the Sixth Circuit endorsed a textual analysis requiring courts to apply the ordinary meaning of the terms "extraordinary" and "compelling." *See id.* (noting that when § 3582(c) was enacted, "extraordinary" meant "most unusual, far from common, and having little or no precedent," and "compelling" meant "forcing, impelling, driving." (cleaned up) (quoting WEBSTER'S THIRD INTERNATIONAL DICTIONARY: UNABRIDGED 463, 807 (1971))).

Consistent with *Hunter*, this Court must determine whether Defendant's reasons for a reduced sentence are "extraordinary" and "compelling," as that language is commonly understood. *See id.*; *see also United States v. Powell*, No. 2:12-CR-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) ("Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'") (collecting cases).

Defendant advances her grandmother's deteriorating health for a sentence reduction. ECF No. 63 at PageID.275–78. But that reasons is not exhausted, extraordinary, or compelling.

### i.

Defendant has not submitted her grandmother's health issues to the BOP as a reason for compassionate release. *See generally* ECF No. 63.

The purpose of § 3582(c)(1)(A)'s exhaustion requirement is to ensure that the BOP can consider an inmate's request first. *See United States v. Alam*, 960 F.3d 831, 835–36 (6th Cir. 2020).

But the BOP has not yet had the opportunity to consider whether Defendant's grandmother's purported health issues justify reducing her sentence. Moreover, Defendant has not offered any evidence to corroborate the alleged status of her grandmother's health. That issue is, therefore, not exigent enough to remove the BOP from the equation. *See Curney*, 2021 U.S. Dist. LEXIS 192581, at *4.

Because Defendant has not exhausted the issue with the BOP, her grandmother's health should not be considered as an extraordinary and compelling reason for release. Even so, Defendant's grandmother's health issues are neither extraordinary nor compelling.

**ii.**

Defendant solely relies on her grandmother's failing health as the extraordinary and compelling reason to release her from prison. Despite alleging that her grandmother requires 24-hour home healthcare, cannot walk on her own, and cannot control her bowels, ECF No. 63 at PageID.275–76, Defendant does not provide any evidence in support of these allegations. Further, she has not identified her grandmother's medical diagnosis. Without such evidence, Defendant's allegations are merely speculative.

Defendant also suggests that the recent death of two family members places her grandmother's care in jeopardy. *See* ECF No. 63 at PageID.275. But Defendant also acknowledges that her grandmother receives 24-hour care from an in-home healthcare provider. *Id.* at PageID.276. Therefore, Defendant's assistance would be helpful, but not essential. Further, nothing suggests that Defendant possesses either a history of providing care for her grandmother or specialized knowledge of such care that would render her more capable than her grandmother's current healthcare provider.

Moreover, as the Government responds, a grandparent's medical needs are not a covered "family circumstance" for purposes of a motion for compassionate release. ECF No. 64 at PageID 281 (citing *United States v. Marshall*, No. 3:16CR-00004-JHM, 2020 WL 114437, at *2–4 (W.D. Ky. Jan. 9, 2020)).

For these reasons, Defendant has not demonstrated that her grandmother's illness is extraordinary or compelling. Consequently, her Motion for Compassionate Release will be denied.

### C.

The final issue is whether 18 U.S.C. § 3553's applicable factors justify a reduced sentence. *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020).

Ordinarily, this Court would decline to proceed to the final issue—whether the § 3553 factors warrant release—because the lack of an extraordinary and compelling reason for release is dispositive. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). But to be thorough, this Court will consider the § 3553 factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> > > . . . .
> (5) any pertinent policy statement—
> > . . . .

>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

This final step requires more than a casual reference to § 3553 and its relevant factors. *See Jones*, 980 F.3d at 1112 ("[J]udges maintain an obligation to provide reasons in both sentencing-modification decisions, and traditional sentencing decisions." (internal quotation marks omitted)). But "a district judge need not specifically articulate its analysis of every single § 3553(a) factor" if "the record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* at 1114 (internal quotations marks omitted). Ultimately, the burden is on Defendant to "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . . [presumably] remains an accurate assessment as to whether those factors justify a sentence reduction").

Defendant did not address the § 3553 factors. *See generally* ECF No. 63. And this Court has already sentenced Defendant after considering the § 3553(a) factors. *See* ECF No. 61. This Court's "initial balancing of the § 3553(a) factors during [Defendant's] sentencing" is presumed to "remain[] an accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021). Far from the requisite "compelling case," *id.*, Defendant has not demonstrated any flaw in this Court's analysis.

Defendant's positive accomplishments, though commendable, do not outweigh her violation of the rules of the halfway house. Defendant successfully completed the BOP Residential Drug Abuse Program. ECF No. 63 at PageID.274–75. And, in compliance with her supervised release, she found full-time employment and did not test positive for drug use. *Id.* at PageID.275.

But, as Defendant acknowledges, she violated a rule of the halfway house by engaging "in a prohibited relation with another resident of the halfway house." *Id.* This violation, completely within Defendant's control, was the reason for her reincarceration.

Defendant notes that she has less than two months left on her prison sentence. She asserts that this Court should consider her paltry remaining sentence. *See* ECF No. 63 at PageID.276–77.

But that argument is not persuasive. The plain language of the compassionate-release statute makes the point directly: Defendant's reasons for release must "warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). That inquiry depends, at least in part, on the time remaining on Defendant's sentence, as it requires her to justify the magnitude of her requested reduction. *Id.* Thus, Defendant must show that her reasons for release are so powerful that they "warrant" a two-month "reduction." *See id.*; *Ruffin*, 978 F.3d at 1008. But she caused the reason that she cites for release. So Defendant's ability to care for her grandmother does not warrant any reduction.

For these reasons, Defendant has not carried her burden to convince this Court that her § 3553(a) analysis would be different today; the § 3553(a) factors do not warrant a sentence reduction. *See* Alyssa C. Hennig, Note, *An Examination of Federal Sentencing Guidelines' Treatment of MDMA ("Ecstasy")*, 1 BELMONT L. REV. 267, 272 (2014) ("Section 3553(a)(2) requires that a defendant's sentence be 'sufficient, *but not greater than necessary*.'" (quoting 18 U.S.C. § 3553(a))). Consequently, her Motion will be denied.

### IV.

Accordingly, it is **ORDERED** that Defendant's Emergency Motion for Release from Custody, ECF No. 63, is **DENIED WITH PREJUDICE**.

Dated: June 3, 2022                                   s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge